UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KING RANGE, JR.,

                Plaintiff,

   -against-

535 BROADWAY GROUP, LLC and
LUCKY BRAND DUNGAREES STORES,
LLC,

                Defendants.

Case No. 1:17-cv-0423 (WHP)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS
535 BROADWAY GROUP, LLC AND LUCKY BRAND DUNGAREES STORES, LLC'S
JOINT MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

SMITH & SHAPIRO
116 East 27th Street
New York, NY 10016
(212) 685-6400
*Attorneys for Defendant*
*535 Broadway Group, LLC*

AARONSON RAPPAPORT
FEINSTEIN & DEUTSCH, LLP
600 Third Avenue
New York, New York 10016
(212) 593-6700
*Attorneys for Defendant*
*Lucky Brand Dungarees Stores, LLC*

SHINDER LAW GROUP, PA
(Admitted *Pro Hac Vice*)
398 Camino Gardens Blvd., Suite 109
Boca Raton, FL 33432
(561) 361-6800
*Attorneys for Defendant*
*Lucky Brand Dungarees Stores, LLC*

**TABLE OF CONTENTS**

**POINT I:**
**DOCUMENTS ATTACHED TO DEFENDANTS' ANSWERS AND SUPPORTING DECLARATIONS ARE PROPERLY BEFORE THIS COURT** ................................1

A.    Documents Attached to Defendants' Answers Are Part of the Pleadings. ..............1

B.    This Court May Take Judicial Notice of Public Records Attached to the Shapiro Declaration and to Defendants' Answers ...............................................................2

C.    Plaintiff's Feigned Objections to the June 15, 2000 Reconsideration Are Meritless..................................................................................................................2

**POINT II:**
**NO VERTICAL ACCESS IS REQUIRED UNDER NEW YORK CITY LAW** ........................................................................................3

**POINT III:**
**THE 2010 STANDARDS APPLY TO THE VERTICAL ACCESS ISSUE, NOT THE 1991 STANDARDS**................................................................................8

**POINT IV:**
**THE 2010 STANDARDS DO NOT REQUIRE VERTICAL ACCESS** ........................9

**CONCLUSION** ................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Avella v. City of New York*,
   29 N.Y.3d 425 (2017) ................................................................................................................5

*Awan v. Ashcroft*,
   No. 09-CV-1653, 2010 WL 3924849 (E.D.N.Y. Sept. 28, 2010) ............................................2

*Colorado Cross Disability Coal. v. Abercrombie & Fitch Co.*,
   765 F.3d 1205 (10th Cir. 2014) ............................................................................................8, 9

*Contempo Acquisition, LLC v. U.S. Dept. of Housing and Urban Development*,
   06–CV–3654, 2007 WL 3254916 (S.D.N.Y.2007) ..................................................................1

*CSX Transportation, Inc. v. Island Rail Terminal, Inc.*,
   879 F.3d 462 (2d Cir. 2018)......................................................................................................6

*Guzman v. Mel S. Harris & Assocs., LLC*,
   No. 16 CIV. 3499, 2018 WL 1665252 (S.D.N.Y. Mar. 22, 2018) .........................................10

*Iazzetti v. City of New York*,
   94 N.Y.2d 183 (1999) ...............................................................................................................5

*L-7 Designs, Inc. v. Old Navy, LLC*,
   647 F.3d 419 (2d Cir. 2011)......................................................................................................1

*Leader v. Maroney, Ponzini & Spencer*,
   97 N.Y.2d 95 (2001) .................................................................................................................7

*Mestecky v. City of New York*,
   30 N.Y.3d 239 (2017), *rearg, denied*, 30 N.Y.3d 1098 (2018) ................................................6

*Matter of New York County Lawyers' Assn. v. Bloomberg*,
   19 N.Y.3d 712 (2012) ...............................................................................................................5

*Roberts v. Royal Atlantic*,
   542 F.3d 363 (2d Cir. 2008)......................................................................................................9

*Rocovich v. Consolidated Edison Co.*,
   78 N.Y.2d 509 (1991) ...............................................................................................................6

*Thomas v. Ariel West*,
   242 F. Supp. 3d 293 (S.D.N.Y. 2017), ECF. No. 122 ..........................................................8, 9

**Statutes**

N.Y. City Admin. Code § 8-107(4) .................................................................................................3–7

N.Y. City Admin. Code § 8-107(15)(a) ..............................................................................................4

N.Y. City Admin Code § 27-292 *et seq.* ......................................................................................3–7

**Regulations**

28 C.F.R. § 36.406(a)(1) ....................................................................................................................8

28 C.F.R. § 36.406(a)(5) ....................................................................................................................8

**Rules**

CPLR 217(1) ......................................................................................................................................7

Fed. R. Civ. P. 10(c) ..........................................................................................................................1

Fed. R. Civ. P. 12(c) ..........................................................................................................................1

FRE 201(b) ......................................................................................................................................10

FRE 201(c) .........................................................................................................................................2

FRE 201(d) .........................................................................................................................................2

FRE 902(8) .........................................................................................................................................2

FRE 1005 ...........................................................................................................................................1

**ADA Standards**

2010 ADA Standards § 206.2.3 .........................................................................................................9

2010 ADA Standards § 206.2.3.1 ......................................................................................................9

2010 ADA Standards § 206.2.4 .........................................................................................................9

Defendants respectfully submit this joint reply memorandum of law in support of their joint motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

### POINT I: DOCUMENTS ATTACHED TO DEFENDANTS' ANSWERS AND SUPPORTING DECLARATIONS ARE PROPERLY BEFORE THIS COURT

Plaintiff assumes conversion of Defendants' Rule 12(c) Motion to one for summary judgment. However, because the Court need not go beyond the documents intrinsic to the pleadings (which include public records) and the public records attached to the Eliad S. Shapiro Declaration, there is no need for a summary judgment conversion. The Court may properly consider each of those documents. *Contempo Acquisition, LLC v. U.S. Dept. of Housing and Urban Development*, 06–CV–3654, 2007 WL 3254916, at *2 (S.D.N.Y.2007).

Nevertheless, in an abundance of caution, Defendants also submit herewith certified copies and/or FRE 1005 Declarations for all of the public documents objected to in Plaintiff's opposition, which quash all of Plaintiff's feigned objections. Shapiro Decl. Further Support Exs. "A"–"D"; Peachy Decl.

### A. Documents Attached to Defendants' Answers Are Part of the Pleadings.

"A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). It is thus beyond peradventure that, "[o]n a 12(c) motion, the court considers the complaint, *the answer, any written documents attached to them*, and *any matter of which the court can take judicial notice for the factual background of the case*." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (emphasis added) (internal quotations omitted). Plaintiff is simply wrong in his claim that, because Plaintiff did not attach to his Amended Complaint: (1) the Building's November 4, 2016 Deed, with metes and bounds description establishing the Building lot's square footage (Dkt. 57-3) ("2016 Deed"); (2) June 2000

1

DOB Reconsideration (Dkt. 57-4); and (3) remaining documents attached to 535 Broadway's Answer, the Court cannot consider them.

### B. This Court May Take Judicial Notice of Public Records Attached to the Shapiro Declaration and to Defendants' Answers

The March 13, 1986 Deed ("1986 Deed"), Reconsideration, and all of the documents annexed to the Shapiro Declaration in Support of Defendants' Motion are part of the public record (with the exception of Exhibits "E" and "F" to the Shapiro Declaration, which contain emails). Plaintiff's bald assertion that documents generated by, registered with, recorded with, or on file with, New York City agencies and internet databases are not public records is without merit. As set forth in Defendants' opening brief (Def. Mem. 4), this Court may take judicial notice of each of these matters and documents of public record this Motion for Judgment on the Pleadings.[1]

Moreover, courts in the Second Circuit routinely take judicial notice of the contents of public documents, like those in the case at bar. *See, e.g.*, *Awan v. Ashcroft*, No. 09-CV-1653, 2010 WL 3924849, at *2 (E.D.N.Y. Sept. 28, 2010) (holding that "[o]n a motion to dismiss, courts may take judicial notice of public records, such as properly recorded deeds," and proceeding to take judicial notice of property ownership based on contents of deed). In any event, both Deeds are acknowledged documents, and therefore self-authenticating under FRE 902(8).

### C. Plaintiff's Feigned Objections to the June 15, 2000 Reconsideration Are Meritless

Plaintiff's feigned objection to the Reconsideration's completeness based on a purportedly missing exhibit is misplaced and, in any event, wholly devoid of merit. The only relevant portion of the Reconsideration application is the first page, which sets forth what the Reconsideration requested and that the Reconsideration's request for an exemption was, in fact, granted on June

---

[1] In any event, the Court can take judicial notice "on its own" and "at any stage" of litigation. FRE 201(c)–(d).

15, 2000 by DOB Borough Commissioner, Ronny A. Livian, P.E. Plaintiff does not dispute that the DOB determination granting the exemption is complete and accurate. Much like a court order, it is that final and complete legal determination of the DOB that is relevant, not the underlying exhibits.

**POINT II: NO VERTICAL ACCESS IS REQUIRED UNDER NEW YORK CITY LAW**

The only issue before the Court on this Motion is whether Defendants are required to provide vertical access to the disabled under New York City, New York State, and Federal laws. Disposing of Plaintiff's City vertical access claim involves simply applying the written exemption from the City-law vertical access requirement that was expressly granted by the City. Plaintiff's attempts to distort the issue are unavailing.

Plaintiff disingenuously mischaracterizes his own Amended Complaint and the arguments in Defendants' moving brief by stating, "Plaintiff's action seeks to hold defendants liable for their violations of § 8-107(4) of the [Administrative Code, also known as the] NYCHRL. But plaintiff's [Amended] Complaint has no cause of action seeking to enforce [Administrative Code § 27-292] or to hold defendants liable for a violation of [§ 27-292]." Pl. Mem. 13. Plaintiff further audaciously claims that § 27-292 "is not relevant" here and that there is no "link" between New York City Administrative Code § 8-107(4) and § 27-292. Pl. Mem. 15.

Yet Plaintiff repeatedly pleads that direct link in the Amended Complaint as his basis of liability for vertical access, and cannot now be heard to claim otherwise simply because his own allegations are now inconvenient to him. Plaintiff unambiguously alleges in the Amended Complaint that Defendants' purported failure to provide vertical access pursuant to § 27-292 (interchangeably referred to in the Amended Complaint as "Local Law 58") is the only basis of his NYCHRL discrimination claim with respect to vertical access. For example, Plaintiff alleges:

3

- An accessible route is not provided to the men's section of the store because it is located one floor below ground level and only a stairway is provided to access this men's section. . . . **Defendants fail to provide that an accessible route from the primary entrance to the entire interior is equivalent to the route afforded to the non-disabled. See Administrative Code § 27-292.5(b)**." Am. Compl. ¶ 39.IX (emphasis added).

- **Defendants discriminated against plaintiff in violation of** the Administrative Code § 8-107(4), **and Local Law 58** [also knowns as § 27-292] by maintaining and/or creating an inaccessible public accommodation. *Id.* ¶ 84. (emphasis added).

- The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by [sic] plaintiff *as required by the Administrative Code § 27-292 et. seq.* Because of defendants' failure to comply with the above-mentioned laws . . . plaintiff was and has been unable to enjoy safe, equal and complete access to defendants' place of public accommodation *Id.* ¶¶ 36–37. (emphasis added).

*See also id.* ¶¶ 15, 33. Plaintiff thus explicitly pleads that, to cure the alleged discrimination under the NYCHRL, Defendants must provide vertical access pursuant to § 27-292. *Nowhere in the Amended Complaint is there any other asserted legal basis for a vertical access requirement beyond that found in § 27-292*.

However, § 27-292 (and therefore the NYCHRL) does not require vertical access in this case, and Plaintiff's unfounded claims to the contrary do not compel a different result.

The NYCHRL prohibits discrimination against the disabled in general terms, and makes no mention of a requirement to provide vertical access. N.Y. City Admin. Code § 8-107(4)(a). The NYCHRL requires only a "reasonable accommodation" for the disabled. *Id.* § 8-107(15)(a). As Plaintiff repeatedly concedes in his own Amended Complaint, the specific vertical access requirement under New York City law is found only in § 27-292 of the Administrative Code.

But the City of New York determined that the Building is exempt from requiring vertical access between the basement and ground floors under § 27-292 pursuant to an exception specifically legislated into § 27-292.5(i). Ans. of 535 Broadway Ex. "D" at 1, 10–11. To be sure, while the exemption relieves Defendants from the requirement to provide vertical access between

4

the basement and ground floors under City law, it does not affect any other remaining obligation that Defendants might have under the NYCHRL (if any) to provide a *non-vertical-access* reasonable accommodation for the disabled. And, in fact, a non-vertical-access reasonable accommodation exists in the form of personal shopper to assist the disabled. Aff. Def. of Lucky Brand ¶ 18.

Consequently, Plaintiff's mischaracterization of Defendants' arguments (Pl. Mem. 15) has it exactly backwards. The question is not whether compliance with § 27-292.5 is compliance with the NYCHRL such that Defendants are absolved of all obligations to make any other reasonable accommodations for the disabled. Rather, the question is: having been legally exempted from the vertical access requirement by the City, are Defendants nevertheless in *violation* of City law by not providing vertical access, and therefore required to provide vertical access notwithstanding the exemption? As a matter of law, the answer can only be "of course not." Plaintiff cites to no authority to support his contention that it does.

To the contrary, in addition to contradicting his own Amended Complaint, Plaintiff's erroneous reading of the interaction between § 27-292 and § 8-107(4) (the NYCHRL) violates the well-established precepts that statutes must be read (1) to give effect and meaning to every word contained therein, and (2) to avoid absurd results.

The New York Court of Appeals consistently instructs that, in interpreting New York law, "[i]t is especially important that provisions relating to the same subject matter . . . be read together and applied harmoniously and consistently." *Iazzetti v. City of New York*, 94 N.Y.2d 183, 189 (1999) (internal citation omitted). A statutory scheme "must be construed as a whole and . . . its various sections must be considered together and with reference to each other." *Matter of New York County Lawyers' Assn. v. Bloomberg*, 19 N.Y.3d 712, 721 (2012). *See also Avella v. City of*

*New York*, 29 N.Y.3d 425, 434 (2017). To that end, "all parts of a statute are intended to be given effect and that a statutory construction which renders one part meaningless should be avoided." *Rocovich v. Consolidated Edison Co.*, 78 N.Y.2d 509, 515, (1991).

Additionally, it is well-settled in the Second Circuit that, when interpreting New York statutes, "[t]he meaning of a statute can be *understood in context with and by reference to the whole statutory scheme*, by appreciating *how sections relate to one another*. A statute should be interpreted in a way that avoids absurd results*." *CSX Transportation, Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 470–71 (2d Cir. 2018) (internal quotation marks omitted) (emphasis added).

Plaintiff's arguments disregard these fundamental rules of statutory interpretation. The City, having exempted the Premises from requiring vertical access for the disabled under § 27-292.5(i), cannot be said to nevertheless require vertical access under the NYCHRL under pain of a discrimination finding. Such a reading of the statute would lead to the absurd result of nullifying the exception contained in § 27-292.5(i), rendering it effectively meaningless. Yet this absurd result is precisely the effect that Plaintiff's reading gives to the statutory scheme. To read the NYCHRL and § 27-292.5 in the manner in which Plaintiff does "would make the exception [in § 27-292.5(i)] indistinguishable from the general rule, thereby rendering it superfluous." *Mestecky v. City of New York*, 30 N.Y.3d 239, 245 (2017), *rearg, denied*, 30 N.Y.3d 1098 (2018).[2]

In the alternative, Plaintiff improperly attempts to collaterally attack the Reconsideration's validity for the first time in this litigation, 19 years after the City granted it.

Plaintiff cannot collaterally attack the Reconsideration's validity, even assuming *arguendo* that Plaintiff had standing to do so. Moreover, any challenge to the Reconsideration would be

---

[2] The cases Plaintiff cites in his opposition brief (Pl. Mem. 14) do not compel a different result, and are easily distinguishable. Unlike the case at bar, none of those cases involves an exemption (through a Reconsideration or otherwise) granted by the City. The analyses undertaken therein are completely inapposite.

time-barred by the four-month limitations period for challenging an administrative agency's final and binding determination. CPLR 217(1).

In any event, Plaintiff's collateral attack is premised solely on a flawed reading of § 27-292.5(i)(2) as limited only to "a building having no residential occupancy." Pl. Mem. 16. In advancing his argument, Plaintiff purposefully omits recitation of the full text of § 27-292.5(i)(2) and again violates the fundamental rules of statutory interpretation, which require that "meaning and effect should be given to every word" of a New York statute. *Leader v. Maroney, Ponzini & Spencer*, 97 N.Y.2d 95, 104 (2001). The full statutory text reads: "The following non-residential buildings *or* **[non-residential]** *parts thereof* are exempt from the provisions of this subarticle." N.Y. City Admin. Code § 27-292.5(i) (emphasis added). By its own terms, the exception applies to non-residential buildings or *non-residential portions of buildings*. The commercial Premises occupied by Lucky Brand falls directly within the ambit of the exception.[3]

Further, Plaintiff's argument regarding waiver under § 27-292.6 amounts to little more than semantic games. Plaintiff alleges that an application with plans to renovate the Building was submitted to DOB. Am. Compl. ¶ 13. The DOB issued two specific objections to those plans, noting: "Provide handicap access as per Section 27-292.5." The Reconsideration application specifically states that its sole purpose was to request reconsideration of the two objections so that the Building would be exempt from compliance with 27-292.5's vertical access requirements. The justification for the Reconsideration application was set forth in Paragraphs 2–5. The application for the Reconsideration and the requested exemption were clearly granted. There was no need to separately apply for a "waiver."

---

[3] Nowhere do Defendants claim that the Building "always contained" private residences. Pl. Mem. 16.

## POINT III: THE 2010 STANDARDS APPLY TO THE VERTICAL ACCESS ISSUE, NOT THE 1991 STANDARDS

Plaintiff's reliance on 28 C.F.R. § 36.406(a)(1) is misplaced. Section 36.406(a)(1) merely stands for the proposition that the 1991 Standards would have applied in the first instance at the time the alterations were allegedly originally made, if they were made prior to March 15, 2012. As set forth in Defendants' opening brief (Def. Mem. 6–7), it is clear from plain language of 28 C.F.R. § 36.406(a)(5)—just four subparagraphs down—that, alterations made before March 15, 2012 that "do not comply with the 1991 Standards [as Plaintiff claims they were supposed to] *shall, on or after March 15, 2012, be made accessible in accordance with the 2010 Standards*." 28 C.F.R. § 36.406(a)(5)(ii). Thus, the relevant date is not when the alleged alteration occurred, as Plaintiff misstates, but rather whether Plaintiff seeks compliance and remediation "on or after March 15, 2012." *Id.* Assuming, *arguendo*, that the alleged alteration was done before September 2010, as Plaintiff claims, and did not comply with the 1991 Standards at the time of alteration, as Plaintiff alleges, Plaintiff brought this lawsuit seeking compliance and remediation in 2017. Accordingly, the 2010 Standards clearly apply. *Colorado Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1217–18 (10th Cir. 2014) ("Any public accommodation that is required to comply with the 1991 Standards, yet does not so comply, must 'be made accessible in accordance with the 2010 Standards.'") (quoting 28 C.F.R. § 36.406(a)(5)(ii))). "If those newer standards exempt [vertical access] then . . . [Defendants] effectively will be deemed to be in compliance." Id. at 1235 (McHugh, J., concurring in part and dissenting in part).[4]

Contrary to Plaintiff's assertion, *Thomas v. Ariel West*—in which the plaintiff was represented by the same attorneys that represent Plaintiff here—is far from "identical" to this case.

---

[4] Moreover, Plaintiff's tortured, unsupported reading to the contrary renders meaningless both § 36.406(a)(5)(ii) and the safe harbor provision (Def. Mem. 5–6 & n. 4).

First, *Thomas* involved a newly constructed building with a newly added mezzanine and landing, not an historic preexisting building with preexisting stories, as here. *Thomas* 242 F. Supp. at 296–97. Second, the issue the court decided in *Thomas* was whether vertical access was required under the 1991 Standards to connect the existing two stories in the retail store with newly a constructed mezzanine and stair landing. The parties in *Thomas* briefed only the 1991 Standards and the court therefore applied and analyzed Plaintiff's claim under only the 1991 Standards. *Id.* at 299. *Thomas* is entirely inapposite because the 2010 Standards apply here. *Colorado Cross Disability Coal.*, 765 F.3d at 1217–18. The 2010 Standards clearly provide that "no accessible route" whatsoever is required between the stories of the Premises. 2010 Standards §§ 206.2.3 Exception 1; 206.2.3.1; 206.2.4 & Exception 3. Plaintiff's citation to *Roberts v. Royal Atlantic*, 542 F.3d 363 (2d Cir. 2008), which predates the 2010 Standards, is equally inapposite.

## POINT IV: THE 2010 STANDARDS DO NOT REQUIRE VERTICAL ACCESS

Crucially, Plaintiff does not dispute that the exemption in the 2010 Standards is a blanket exemption that completely relieves Defendants from the requirement to provide *any accessible route*, including vertical access, if the Premises falls within the exception. To qualify for the exemption, the public accommodation must contain either less than 3000 square feet per story *or* fewer than three stories. Def. Mem. 7–10.

Plaintiff does not dispute that the public accommodation here is only two stories. Accordingly, the exemption applies on that independent ground. Def. Mem. 9–10.

In response to the incontrovertible facts in the pleadings and public documents, Plaintiff desperately scrambles to conjure feigned issues as to the square footage of the Building's stories. Plaintiff's entire argument is predicated upon specious and unsupportable hypotheticals dehors the pleadings. Pl. Mem. 22–23. It is plain to see that the Building (and certainly the Premises) is

9

confined to its lot—a fact which Plaintiff's attorneys know very well, having visited the Building on numerous occasions, conducted expert inspections of the Premises on numerous occasions, and received Building plans in discovery (which Plaintiff references in the Amended Complaint). The Court may take judicial notice of that fact and that: (1) the Building is in the landmarked SoHo district; (2) vault space is owned by the City, in any event, not public accommodation; (3) the Building is landlocked on its lot in the middle of the block by two taller buildings; and (4) there is no recorded air developments rights agreement—as there would necessarily be if the Building cantilevered into another lot. FRE 201(b)(1)–(2); *Guzman v. Mel S. Harris & Assocs., LLC*, No. 16 CIV. 3499, 2018 WL 1665252, at *6 (S.D.N.Y. Mar. 22, 2018). Thus, the Building's maximum square footage per story is limited to the lot size of 2500 square feet. Dkt. 57-3, at 6.

Plaintiff's attempt to weaponize the Reconsideration against Defendants is equally unavailing. Regardless of whether the Building's stories measure at 2300 or 2000 square feet, the Premises qualifies for the exemption.[5] Plaintiff does not, because he cannot, point to anything suggesting that any floor in the Building—let alone any floor in the public accommodation—contains over 3000 square feet.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendant's Joint Motion in its entirety with prejudice and without leave to amend, and for such other and further relief as this Court deems just, equitable, and proper.

---

[5] It is worth noting, however, that the measurements reflected in the Reconsideration are not inconsistent. It is common for basement floors to contain less floor area on a square footage basis than grade- and above-grade stories, and DOB clearly determined that to be the case in the Building. The City necessarily inspected and found the square footage measurements correct, and would not have issued Certificate of Occupancy otherwise.

Dated: New York, New York
       May 3, 2019

Respectfully submitted,

*/s/ Eliad S. Shapiro, Esq.*
ELIAD S. SHAPIRO
SMITH & SHAPIRO
Attorneys for Defendant
535 BROADWAY GROUP, LLC
116 East 27th Street
New York, NY 10016
(212) 685-6400

*/s/ Nanor L. Terjanian*
NANOR L. TERJANIAN (NT7671)
AARONSON RAPPAPORT
FEINSTEIN & DEUTSCH, LLP
Attorneys for Defendant
LUCKY BRAND DUNGAREES
STORES, LLC
600 Third Avenue
New York, New York 10016
(212) 593-6700

*/s/ Lance Shinder, Esq.*
LANCE SHINDER
SHINDER LAW GROUP, PA
Attorneys for Defendant
LUCKY BRAND DUNGAREES
STORES, LLC
(Admitted *Pro Hac Vice*)
398 Camino Gardens Blvd., Suite 109
Boca Raton, FL 33432
(561) 361-6800