UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------

KING RANGE, JR.,

        Plaintiff,

    -against-

535 BROADWAY GROUP LLC *and*
LUCKY BRAND DUNGAREES STORES,
LLC,

        Defendants.

------------------------------

17cv0423

OPINION & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

      King Range, Jr. brings this disability discrimination action against Defendants 535 Broadway Group LLC ("535 Broadway") and Lucky Brand Dungarees Stores LLC ("Lucky," and collectively, "Defendants"). Range alleges that Defendants failed to make their premises wheelchair-accessible in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., its implementing regulations, and state and local statutes. Defendants move for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons that follow, Defendants' motion is granted in part and denied in part.

## BACKGROUND

      535 Broadway owns a building located, unsurprisingly, at 535 Broadway in New York, New York (the "Building"). (Am. Compl., ECF No. 35 ("Compl."), ¶ 7.) In 2000, the City of New York approved 535 Broadway's application to convert the Building to mixed residential and retail commercial use. (Compl. ¶¶ 13–16.) In 2006, Lucky subleased the ground floor, basement, and sub-basement for a retail store (the "Lucky Store"). (Compl. ¶¶ 22–23.) Range alleges that Lucky made alterations to the premises, including: (1) installation of a new

staircase; (2) construction of new dressing and fitting rooms; and (3) placement of merchandise displays on the basement and ground floors. (Compl. ¶¶ 24–27, 58.) The men's merchandise section is located in the basement, and there is no allegation that the sub-basement is open to the public. (Compl. ¶¶ 28–29.)

Range, a wheelchair user, alleges that there are various architectural barriers to entry, exit, and navigation within the Lucky Store. (Compl. ¶¶ 6, 12, 39.) In relevant part, Range contends that Defendants failed to provide "accessible vertical access" to the men's merchandise section in the basement. (Compl. ¶ 39.) Based on these allegations, Range claims that Defendants have violated: the ADA and its implementing regulations; the New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL"); the New York State Civil Rights Law, §§ 40-c, 40-d (the "NYSCRL"); and the New York City Human Rights Law, Administrative Code § 8-107 (the "NYCHRL"). Defendants seek partial judgment on the pleadings as to the vertical access issue.

Throughout the course of this lawsuit, Range's counsel, Parker Hanski LLC ("Parker Hanski") has impeded progress of the case. Defendants seek partial judgment on the pleadings despite representing that all other barriers to access alleged in the Amended Complaint have been remediated. But regrettably, Parker Hanski appears to have little interest in resolving those accessibility issues by inspecting the modifications firsthand.[1] As a result, those claims remain in flux. Moreover, prior to filing this motion, Defendants reiterated their request for a global settlement offer, but Parker Hanski refused to provide one. (ECF No. 82 at 3).

Then, only after seeing Defendants' moving papers, Parker Hanski requested permission to amend Range's complaint to drop the ADA claim and dismiss the state and local

---

[1] Even now, the parties offer no update on any inspection of the premises by Parker Hanski's expert, robbing this motion of the potential to resolve the entire case.

law claims without prejudice. At a conference on March 20, 2019, this Court rejected that maneuver as a thinly veiled attempt by Parker Hanski to forum shop and seek a do-over in state court. (See ECF No. 87.)

This kind of litigation gamesmanship appears to be part of Parker Hanski's repertoire. See Bowman v. Realty, 2016 WL 3676669, at *5 (S.D.N.Y. July 6, 2016) (commenting on Parker Hanski's "unreasonable demands throughout this litigation . . . not to mention the high likelihood that counsel misrepresented Plaintiff's condition to Defendants and to this Court"); Feltenstein v. Wykygyl Assocs. HJ LLC, No. 14-cv-4797-KBF, ECF Minute Entry (S.D.N.Y. Mar. 18, 2015) (noting that "[Parker Hanski's] approach to settlement was in bad faith, and . . . if Plaintiff is the prevailing party in this case, then attorney's fees which may be sought should not be granted beyond the date of this settlement conference"). Nor is this the first time Parker Hanski—or this Plaintiff—has attempted to avoid a federal adjudication by withdrawing ADA claims while explicitly preserving the non-federal claims for state court. See Range v. 480-486 Broadway LLC, No. 14-cv-2447-LAK, ECF No. 53 (S.D.N.Y. Nov. 1, 2016).

Thus, with some frustration, this Court turns to the merits of the parties' piecemeal briefing.[2]

## DISCUSSION

"The standards to be applied for a motion for judgment on the pleadings pursuant to [Federal Rule of Civil Procedure] 12(c) are the same as those applied to a motion to dismiss pursuant to Rule 12(b)." Estate of Smith v. Cash Money Records, Inc., 2018 WL 2224993, at *2 (S.D.N.Y. May 15, 2018) (citation and quotation marks omitted); accord Hayden v. Paterson,

---

[2] This Court notes from the outset that because this is only a partial motion, and the status of Range's remaining accessibility allegations is unknown, any consideration of whether to decline supplemental jurisdiction is premature. See 28 U.S.C. § 1367(c) (allowing a district court to decline to exercise supplemental jurisdiction when it has "dismissed all claims over which it had original jurisdiction").

3

594 F.3d 150, 160 (2d Cir. 2010). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept the complaint's allegations as true and draw all reasonable inferences in the plaintiff's favor. Kirkendall v. Halliburton, Inc., 707 F.3d 173, 178 (2d Cir. 2013). A judgment under Rule 12(c) is proper if, from the pleadings, the moving party is entitled to judgment as a matter of law. See United States v. Watts, 786 F.3d 152, 176 (2d Cir. 2015); Burns Int'l Sec. Servs., Inc. v. Int'l Union, 47 F.3d 14, 16 (2d Cir. 1995) (per curiam).

I.  Documents Considered

As a threshold issue, Range opposes Defendants' reliance on several documents (the "Extrinsic Documents") attached to their Answer (ECF No. 57) or their 12(c) motion (ECF No. 76 (the "Shapiro Declaration")). "If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed R. Civ. P. 12(d). As this Court declines to convert Defendants' motion into one for summary judgment, it must decide whether any of the Extrinsic Documents may be considered.

"On a 12(c) motion, the court considers the complaint, <u>the answer</u>, <u>any written documents attached to them</u>, and any matter of which the court can take judicial notice for the factual background of the case." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (emphases added) (citation and quotation marks omitted). A court may also consider the contents of any documents "incorporated in the complaint by reference," Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010) (quotation marks

4

omitted), or "where the complaint relies heavily upon [their] terms and effect," Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (emphasis added). Accord Diaz v. Local 241, 2019 WL 3765924, at *3 (S.D.N.Y. Aug. 9, 2019).

A court may take judicial notice of certain publicly available documents for their existence, or the fact that they contain public information, but generally not for the truth of the matters asserted. Beauvoir v. Israel, 794 F.3d 244, 248 n.4 (2d Cir. 2015); Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008). Otherwise, "[w]here a defendant attaches to his answer evidence relevant to a controverted fact . . . accepting such evidence as accurate would breach the rule that the complaint's allegations must be taken as true." Berk v. City of N.Y., 2015 WL 7162239, at *4 (S.D.N.Y. Nov. 9, 2015); see Holmes v. City of N.Y., 2016 WL 915332, at *2 n.1 (S.D.N.Y. Mar. 4, 2016) ("[S]ubstantive consideration [of materials attached to an answer] appears to be limited to such material that could otherwise properly be considered [from a complaint][.]"); Martin v. Cty. of Nassau, 692 F. Supp. 2d 282, 289 (E.D.N.Y. 2010) (declining to consider on 12(c) motion documents which the plaintiff "did not rely upon [in framing his complaint]").

This Court addresses only those exhibits to the Answer and Shapiro Declaration explicitly referenced in Defendants' motion. Exhibit C to the Answer is a publicly available 2016 copy of the Building's deed (the "2016 Deed"). Exhibit C to the Shapiro Declaration is a publicly available copy of the 2005 Certificate of Occupancy for the Building. Exhibit D to the Shapiro Declaration is a publicly available 1986 copy of the Building's Deed. These documents are neither referenced nor integral to the Amended Complaint. Thus, this Court takes judicial notice of their existence and their contents, but does not consider them for the truth of the matters asserted. See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (holding that a court may take

5

judicial notice only "to determine what statements [the public records] contained" and not "for the truth of the matters asserted") (emphasis added)).

Exhibit D to the Answer is an "Amendment" issued by the New York City Department of Buildings relating to the Building's exemption from access requirements (the "Amendment"). Exhibit G to the Answer is a copy of Lucky's lease for the premises. Neither the Amendment nor Lucky's lease is explicitly referenced or heavily relied on in the Amended Complaint, and there is no indication either is publicly available. Accordingly, this Court declines to consider them on this motion. Cf. Glob. Network Commcn's, Inc. v. City of N.Y., 458 F.3d 150, 157 (2d Cir. 2006); Contempo Acquisition, LLC v. U.S. Dep't of Hous. & Urban Dev., 2007 WL 3254916, at *2 (S.D.N.Y. Oct. 30, 2007).

II.     ADA Claim

Title III of the ADA prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a). To state a Title III discrimination claim, a plaintiff must establish that: "(1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008). Under the ADA, the Attorney General is empowered to promulgate regulations—including "standards applicable to [public accommodations]"—to carry out enforcement of Title III. 42 U.S.C. § 12186(b). Thus, "[a] plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines." Harty v. Spring Valley Marketplace LLC, 2017 WL 108062, at *5

(S.D.N.Y. Jan. 9, 2017) (citation and quotation marks omitted); Rosa v. 600 Broadway Partners, LLC, 175 F. Supp. 3d 191, 199 (S.D.N.Y. 2016) (same).

Range disputes only the third element—discrimination within the meaning of the ADA. But Range's opposition is legerdemain because Parker Hanski previously conceded their willingness to withdraw the ADA claim, provided they could pack up Range's state and local claims and carry them across the street to the New York County Courthouse. Because Defendants object to such antics, Parker Hanski manufactures an argument they know is a loser.

Specifically, Range alleges that Defendants violated § 4.1.6(1)(f) of Appendix A to the 1991 Accessibility Guidelines (the "1991 Guidelines"), 28 C.F.R. pt. 36, which requires that "[a]lterations to existing buildings and facilities shall comply with the following: . . . [i]f an escalator or stair is planned or installed where none existed previously and major structural modifications are necessary for such installation, <u>then a means of accessible vertical access shall be provided</u> that complies with [provisions defining such means of access]." 28 C.F.R. pt. 36, App. A, § 4.1.6(1)(f) (emphasis added). Namely, Range claims that prior to September 2010, Defendants altered the premises with new staircases without making the men's section in the basement vertically accessible. (Compl. ¶¶ 13–29, 39.IX, 58.)

As a threshold issue, Defendants contend that ADA compliance is governed not by the 1991 Guidelines, but rather by the updated requirements promulgated in 2010 (the "2010 Guidelines"), 28 C.F.R. §§ 36.406 <u>et seq.</u> In relevant part, the 2010 Guidelines state that "alterations . . . shall comply with the 1991 Standards [if made before] September 15, 2010." 28 C.F.R. § 36.406(a)(1). The 2010 Guidelines then provide, in no uncertain terms, that "altered facilities . . . that were . . . altered before March 15, 2012 and that do not comply with the 1991 Standards shall, before March 15, 2012, be made accessible in accordance with <u>either</u> the 1991

7

Standards or the 2010 Standards." 28 C.F.R. § 36.406(a)(5)(i). And "altered facilities . . . that were . . . altered before March 15, 2012, and that do not comply with the 1991 Standards shall, on or after March 15, 2012, be made accessible in accordance with the 2010 Standards." 28 C.F.R. § 36.406(a)(5)(ii).

By its plain language, 28 C.F.R. § 36.406(a)(5)(ii) states that Defendants' premises, even if originally subject to the 1991 Guidelines at the time of alteration, will be ADA-compliant if the alterations now conform with the 2010 Guidelines, which became effective in 2012. Judges in this district have recognized this modification to ADA standards. See De La Rosa v. Lewis Foods of 42nd St., LLC, 124 F. Supp. 3d 290, 296 (S.D.N.Y. Aug. 13, 2015) (stating that "after March 15, 2012, [altered facilities must] be made accessible in accordance with the 2010 standards" (citation and quotation marks omitted)); De La Rosa v. 597 Broadway Dev. Corp., 2015 WL 7351540, at *11 n.7 (S.D.N.Y. Aug. 4, 2015) (recognizing that 1991 Guidelines "were superseded in 2010 by a new set of standards"); cf. Kreisler v. Second Ave. Diner Corp., 2012 WL 3961304, at *6 n.5 (S.D.N.Y. Sept. 11, 2012) (choosing to apply 1991 Guidelines because "all of the events in this litigation took place prior to the effective date of the 2010 guidelines").

The applicable standard should not surprise Parker Hanski because they represented the plaintiff in both De La Rosa actions. In fact, Parker Hanski's arguments in those cases demonstrate that they know what the law is. In opposition to a motion to dismiss in Lewis Foods, Parker Hanski argued that alterations performed in a public accommodation must be remediated in compliance with the 2010 Guidelines—the exact opposite of the argument they present here. See De La Rosa v. Lewis Foods of 42nd St., LLC, No. 13-cv-696-VEC, ECF No. 143, at 7 (S.D.N.Y. Jun. 19, 2015) ("Dispositive to the issue before the Court, 28 C.F.R.

8

§ 36.406(a)(5) . . . <u>explicitly requires that, since the ADA's effective date, alterations made in compliance with the 1991 Standards must now be remediated in compliance with the 2010 Standards</u>." (emphasis added)). Such freewheeling advocacy is of no use to a judge, and flirts with violating Rule 11's requirement that "claims, defenses, and other legal contentions" be "warranted by existing law or by . . . nonfrivolous argument[s] . . . ." Fed. R. Civ. P. 11(b)(2). It also wastes everyone's time.

In any event, Range's argument that Defendants must now comply with the 1991 Guidelines ignores the plain language of 28 C.F.R. § 36.406(a)(5). And Parker Hanski's citations do not convince this Court otherwise. For example, <u>Thomas v. West</u>, 242 F. Supp. 3d 293 (S.D.N.Y. 2017) (another Parker Hanski foray in this district) is not on point because the parties in that case did not dispute that the 1991 Guidelines controlled. Range also cites <u>Roberts v. Royal Atlantic Corporation</u>, 542 F.3d 363 (2d Cir. 2008), for the proposition that this Court must consider whether Defendants complied with the ADA regulations that applied <u>at the time the alterations were made</u>. But <u>Roberts</u> says no such thing. <u>Roberts</u> was decided before the 2010 Guidelines were promulgated, and has no bearing on this question. Rather, <u>Roberts</u> held that a court must consider accessibility at the time alterations were made, rather than feasibility at the time a lawsuit is filed. That holding is a far cry from what Parker Hanski suggests—namely, holding Defendants to a standard that no longer controls. Having seen through Parker Hanski's smokescreen, this Court evaluates Range's discrimination claim under the 2010 Guidelines.

The 2010 Guidelines are "stricter" than their 1991 counterparts. <u>Lewis Foods</u>, 124 F. Supp. 3d at 296. However, those more stringent requirements also contain safe harbor provisions. In relevant part, the 2010 Guidelines state that with respect to "existing buildings," "[i]n alterations and additions, where an escalator or stair is provided where none existed

previously and major structural modifications are necessary for the installation, an accessible route shall be provided between the levels served by the escalator or stair <u>unless exempted by 206.2.3 Exceptions 1 through 7</u>." 36 C.F.R. pt. 1191, App. B, § 206.2.3.1 (emphasis added). Exception 1 then provides that "[i]n private buildings or facilities that are <u>less than three stories or that have less than 3000 square feet</u> . . . per story, an accessible route shall <u>not be required to connect stories</u> provided that the building or facility is not a shopping center [or] a shopping mall . . . ." 36 C.F.R. pt. 1191, App. B, § 206.2.3 (emphases added). A "private building or facility" is defined as "[a] place of public accommodation or a commercial building or facility subject to title III of the ADA and 28 C.F.R. part 36." 36 C.F.R. pt. 1191, App. B, § 106.5.

Defendants contend they are exempt under either facet of Exception 1. First, Defendants argue that the 2016 Deed specifies that the Building's lot size is 2,500 square feet, which necessarily brings each floor within 3,000 square feet. Range disagrees, claiming that the Building's lot size does not <u>per se</u> dictate the square footage of each floor, as some floors—namely the basement or sub-basement, may exceed the size of the lot or "cantilever" into adjacent properties. As previously stated, this Court will not consider the 2016 Deed for the truth of the matter asserted—namely, that the square footage of each floor is in fact 2,500 square feet. That being said, Range's argument is a red herring. The Amended Complaint alleges nothing about square footage, so Parker Hanski's attempt to fabricate a disagreement in their memorandum of law is unpersuasive. And one would have to suspend common sense to believe that a five-story building constructed around 1900 in Soho would impinge on adjourning properties with Gehry-esque flights of architectural whimsy.

Regardless, the second exception—fewer than three stories—is dispositive. The Amended Complaint alleges that those portions of the Lucky Store that sell merchandise are the

10

basement and ground floor levels. (See Am. Compl. ¶¶ 25–28.) There is no allegation that the sub-basement is open to the public. Thus, this Court need only consider those portions of the Lucky Store which are alleged to operate as a "public accommodation" under the ADA. See Thomas, 242 F. Supp. 3d at 296 (focusing only on the two floors in a thirty-story condominium building that comprised the store at issue); see also Funches v. Barra, 2016 WL 2939165, at *3 (S.D.N.Y. May 17, 2016) (stating that under the ADA, "[p]laces of public accommodation include sales or retail establishment[s] . . . but <u>do not include</u> . . . <u>other spaces that are closed to the public</u>" (emphasis added)); cf. 28 C.F.R. § 36.403(a), (b) (requiring that path of travel to altered areas be accessible where altered area involves a "primary function," such as merchandise display areas and fitting rooms). As pled, Lucky only makes two floors accessible to the public, and thus Exception 1 applies. Cf. Thomas, 242 F. Supp. 3d at 301 (ruling that defendants needed to provide a means of vertical access once a staircase was built to extend the premises to a third floor).[3] Tacitly acknowledging the lack of substance to their position, Parker Hanski make no counterargument on this point.

Accordingly, Defendants' motion for judgment on the pleadings as to Range's ADA claim is granted, and the ADA claim is dismissed.

III.  State and City Law Claims

    A.  State Law Claims

The NYSHRL bars "unlawful discriminatory practices" by public accommodations—as relevant here, a "refusal to remove architectural barriers . . . in existing facilities," or "a failure to make such facilities . . . available through alternative methods . . . ."

---

[3] Though Thomas applied the 1991 Guidelines, the Guideline at issue, 28 C.F.R. pt. 36, App. A, § 4.1.6(k)(i)—"[t]hese guidelines do not require the installation of an elevator in an altered facility that is less than three stories . . ."—is mirrored in the 2010 Guidelines under 36 C.F.R. pt. 1191, App. B, § 206.2.3.

N.Y. Exec. Law § 296(2)(c)(iii), (v). The NYSCRL similarly bars discrimination on the basis of disability in public accommodations. N.Y. Civ. Rights Law § 40-c. "A claim of disability discrimination under the [NYSHRL] . . . is governed by the same legal standards [that] govern federal ADA claims . . . [t]o the extent that [a plaintiff] brings a state-law disability-discrimination claim, it survives or fails on the same basis as his ADA claim." Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 n.3 (2d Cir. 2006) (citation omitted); see also Sullivan v. Study.com LLC, 2019 WL 1299966, at *6 (S.D.N.Y. Mar. 21, 2019). The same principle applies to the NYSCRL. See Sullivan, 2019 WL 1299966, at *6; Feltenstein v. City of New Rochelle, 254 F. Supp. 3d 647, 652 (S.D.N.Y. 2017).

Because Range fails to state a claim under the ADA, his NYSHRL and NYSCRL claims also fail. Indeed, Parker Hanski do not address the state law claims in their opposition brief—a concession that no authorities support their position. Accordingly, this Court deems Range's state law claims abandoned. See McArdle v. Ponte, 2018 WL 5045337, at *6 (S.D.N.Y. Oct. 17, 2018); Lipton v. Cty. of Orange, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004). Defendants' motion for judgment on the pleadings as to the state law claims is granted, and Range's claims under the NYSHRL and NYSCRL are dismissed.

B. NYCHRL Claim

"Under the NYCHRL, an owner, lessee, or operator of any place of public accommodation may not, 'because of the actual or perceived . . . disability . . . of any person, directly or indirectly . . . refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof.'" Kreisler, 2012 WL 3961304, at *13 (S.D.N.Y. 2012) (quoting N.Y.C. Admin. Code § 8-107(4)(a)). "[A]ny person prohibited by the provisions of [the NYCHRL] from discriminating on the basis of disability shall make

reasonable accommodation to enable a person with a disability to . . . enjoy the right or rights in question . . . ." N.Y.C. Admin. Code § 8-107(15)(a). The NYCHRL is afforded an "independent liberal construction." Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 278 (2d Cir. 2009) (quoting Williams v. N.Y.C. Hous. Auth., 872 N.Y.S.2d 27, 31 (N.Y. App. Div. 2009)).

Defendants contend that much like the relationship between the ADA and its implementing regulations, NYCHRL compliance is linked to compliance with the New York City Building Code, N.Y. Admin. Code § 27-292, et seq. In Defendants' view, no NYCHRL violation can stand if they hold an exemption from the accessibility requirements in the Building Code. To that end, Defendants rely on the Amendment appended to their Answer, which they claim constitutes an official notice from the City of New York exempting 535 Broadway and Lucky from the vertical access requirements in § 27-292.5(i).

This argument fails for two reasons. First, this Court declines to consider the Amendment. Because the parties spar over authentication issues, this Court would be required to weigh and compare evidence—a matter outside its purview on a Rule 12(c) motion. See Hogan v. Fischer, 738 F.3d 509, 514 (2d Cir. 2013) (citation and quotation marks omitted) (cautioning that the court's duty at the pleading stage is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof").

Second, and more importantly, Defendants cite no persuasive judicial authorities to support their contention that satisfaction of the Building Code precludes NYCHRL liability. Nor can this Court locate any. And by the same token, Defendants' reliance on the Certificate of Occupancy is misplaced, as they cite no authority showing that such a certificate per se precludes NYCHRL liability.

Parker Hanski's contention that the Building Code is unrelated to the NYCHRL

13

claim is belied by the allegations in their Amended Complaint. That pleading references § 27-292.5(b) repeatedly and premises the NYCHRL claim in part on violations of the Building Code. But Range also casts his NYCHRL claim as a violation of Administrative Code § 8-107(4). And claims under § 8-107(4) require a court to consider the availability of a "reasonable accommodation," which depends on "'the cost of the accommodation, the facility's size and resources, and the type of operations at the facility.'" Kreisler, 2012 WL 3961304, at *13 (quoting N.Y.C. Admin. Code § 8-102(18)). Whether a reasonable accommodation was provided is a question of fact that cannot be resolved on a motion for judgment on the pleadings.

Ultimately, Range alleges that Defendants discriminated against him by not installing vertical access for wheelchair users. Defendants have not shown how these allegations fail to state a claim as a matter of law under the NYCHRL. Thus, this Court denies Defendants' Rule 12(c) motion as to Range's NYCHRL claim on vertical access.[4]

## CONCLUSION

For the foregoing reasons, Defendants 535 Broadway and Lucky's motion for judgment on the pleadings is granted in part and denied in part. Range's vertical access claims under the ADA, the NYSHRL, and the NYSCRL are dismissed with prejudice. Defendants' motion to dismiss the vertical access claim under the NYCHRL is denied.

The parties are directed to appear for a status conference on September 18, 2019 at 12:00 p.m. The Clerk of Court is directed to terminate the motion pending at ECF No. 75.

Dated: September 3, 2019
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

---

[4] To the extent Defendants move to "dismiss" Range's request for punitive damages, that motion is procedurally premature. See Hunter v. Palisades Acquisition XVI, LLC, 2017 WL 5513636, at *9 (S.D.N.Y. Nov. 16, 2017); Doe v. Montefiore Med. Ctr., 2013 WL 624688, at *7 (S.D.N.Y. Feb. 19, 2013). Punitive damages are a type of damages, not a claim for relief.

14